WM. EISENBERG & SONS, INCORPORATED, PROSECUTOR, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, DEFENDANT.

Submitted January 18, 1938—Decided June 7, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the prosecutor, *Lewis Liberman.*

For the defendant, *David T. Wilentz,* attorney-general (*John Solan,* of counsel).

BROGAN, CHIEF JUSTICE. This writ of *certiorari* brings up for review the refusal of the State Board of Taxes and Assessments to refund certain over-payments of franchise taxes made by the prosecutor from the year 1929 to 1935, inclusive. In his brief, the attorney for the state tax commissioner concedes that the prosecutor has the right to review the franchise tax paid for the year 1935, and to obtain a refund of any over-payment for that year. We will concern ourselves, therefore, with the over-payment of taxes for the preceding six years.

The return to the writ and the stipulation of facts by the parties make it clear that during these years the tax report or return of the prosecutor, taxpayer, disclosed a given sum as the amount of capital stock authorized and that there were two thousand shares of capital stock at $100 each par value issued and outstanding, and that there were one thousand shares of nonpar value stock issued and outstanding, when, as a matter of fact, the authorized capital stock was $100,000 divided into one thousand shares of the par value of $100 each and one thousand shares of the nonpar value. This erroneous report or return was the basis on which the taxing authority arrived at its computation of the tax to be assessed, the amount of which was voluntarily paid by the prosecutor of this writ.

On these conceded facts we do not think that the prosecutor can or should prevail.

The legislature, in 1936 (chapter 220, page 656), provided for repayment of any duplicate payment of tax or for the refund of any amount legally adjudged to be an over-payment of franchise taxes, "providing any such taxes shall not have been assessed or fixed earlier than two years prior to the date of instituting proceedings to recover such over-payment." This, we think, is a limitation upon the comptroller of the treasury and the state treasurer as to the time within which claims for such over-payment may be recognized. It limits the state tax commissioner as well, who long since had turned these franchise tax moneys over to the state treasurer. We regard the statute, *supra,* as fixing a limitation, as a matter

of public policy, upon the time within which action to recover an over-payment such as this may be brought.

Apart from this, we think that the prosecutor is decidedly in laches. In the brief, as an excuse for this unreasonable delay, it is asserted that the reports upon which these taxes were predicated, although verified by either the president or treasurer of the corporation, were in fact prepared by an auditor and that the mistake made was his and not the company's. From the manner in which these tax returns are made, it can hardly be said to be less than negligence on the part of the signatories not to have read the return which they signed and solemnly verified. A casual reading would have caught the error. The case is quite similar to *El Paso and Southwestern Co.* v. *State Board,* 106 *N. J. L.* 274. The reasoning of the opinion in that case disposes of the issue here.

The writ is dismissed, with costs.