113 N.J. Super. 353 (1971)
273 A.2d 786
WILLIAM McCULLOUGH TRANSPORTATION COMPANY, PETITIONER-APPELLANT,
v.
DIVISION OF MOTOR VEHICLES, BUREAU OF MOTOR CARRIERS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1971.
Decided February 17, 1971.
*355 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Richard D. Catenacci argued the cause for appellant (Messrs. Hughes, McElroy, Connell, Foley & Geiser, attorneys).
Mr. Alfred L. Nardelli, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney *356 General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by CONFORD, P.J.A.D.
Appellant, a motor carrier subject to the Motor Carriers Road Tax Act of 1963 (L. 1963, c. 44; N.J.S.A. 54:39A-1 et seq.), appeals from a denial by defendant, administrator of the tax, of its claim for refund of $37,491.63. This amount represented payment by it in 1967 to Connecticut, Maryland and Pennsylvania of road use taxes assessed by those states for various years from 1962 to 1967 measured by motor fuel used by its vehicles on highways in those states on which motor fuel sales taxes had been paid by it in New Jersey pursuant to the Motor Fuel Sales Tax Act (L. 1935, c. 319, as amended; N.J.S.A. 54:39-1 et seq.).
Of the total amount mentioned, $6.052.68 represented the New Jersey taxing period prior to October 1, 1964, during which the statute contained no provision for refund on account of taxes paid other states. For that reason there was no statutory basis upon which defendant could have made a refund of that sum. But effective October 1, 1964 the road tax act was amended by L. 1964, c. 258, so as to provide, by what is now N.J.S.A. 54:39A-8 (section 8 hereinafter), for a refund for similar taxes paid to another state "on or by reason of the use or consumption therein within such carrier's reporting period of motor fuel attributable to purchase in this State * * *." The remainder of the $37,491.63 claimed was for reporting periods subsequent to October 1, 1964, but defendant rejected those claims because appellant had not filed the claims "within 4 months following the end of the [respective] reporting period[s]," as expressly required by section 8.
The instant litigation came about as a result of claims in 1967 by the tax authorities in the states referred to that audits of appellant's returns for the years mentioned had disclosed additional amounts of road use taxes due those *357 states in the aggregate sum stated. When appellant paid the added assessments it sought refunds from defendant. These were rejected, as just indicated.
Our determination of the issues presented will be simplified by considering separately the different portions of the refund claim in question.

As to the $6,052.68 claim
While appellant's precise position as to this portion of the claim is not too clear, it is, as best we can understand it, that the absence of a refund provision in the statute prior to October 1, 1964 for road use taxes paid in other states rendered the statute illegal as imposing "double taxation" and an unconstitutional burden on interstate commerce.
To appraise the contention one must examine the relationship between the motor fuel sales tax act and the road tax act, as the latter stood prior to the 1964 amendment. The motor fuel sales tax act imposes a tax on every gallon of motor fuel sold or used in this state. N.J.S.A. 54:39-27. The tax is passed on to the purchaser. "Use" includes transfer of fuel by a distributor into a motor vehicle. N.J.S.A. 54:39-8.
The road tax act as first enacted provided that every motor carrier, as defined in the act (including appellant), should "pay a road tax equivalent to the rate per gallon of the motor vehicle fuel tax which is currently in effect, calculated on the amount of motor fuels used in its operations within this State." N.J.S.A. 54:39A-3. N.J.S.A. 54:39A-6 provided that the amount of motor fuels used in the State should "be computed to be such proportion of the total amount of such motor fuels" used in the carrier's "entire operations within and without this State as the total number of miles traveled within this State bears to the total number of miles traveled within and without this State." The Director of the Division of Motor Vehicles was authorized, by N.J.S.A. 54:39A-5, to impose the tax on a *358 quarterly basis, starting with the quarter from June 1 to August 31, 1963. If the motor carrier purchased any motor fuel in New Jersey during a given quarter, the amount of tax paid thereon (pursuant to N.J.S.A. 54:39-27) was allowed, under section 8, as a credit against the road tax imposed by the 1963 act (N.J.S.A. 54:39A-3). Section 8 also provided that if
the amount of the credit herein provided to which any motor carrier is entitled for any reporting period exceeds the amount of the [road] tax for which such carrier is liable for the same reporting period, such excess of the credit shall, under such regulations as the director shall prescribe, be allowed as a credit on the [road] tax for which such carrier would be otherwise liable in any of the succeeding 3 quarters.
The statute failed, however, to provide adequately for the carrier who consistently bought more motor fuel in New Jersey than he used within the State. For such a carrier, the amount of credit for motor fuel taxes paid to which he was entitled would exceed the amount of the road tax levied against him in each quarter, and the credit would consequently become nugatory to the carrier. This led to the 1964 amendment of the act discussed later herein.
Appellant contends that the interacting effect of the motor fuel sales tax act and of the road tax act, as applied to motor carriers, constituted both statutes in combined effect simply a taxing imposition on the use of the highways. From that premise it argues that the failure of the road tax act prior to October 1964 to allow appellant credit for road taxes paid by it in other states on fuel purchased in New Jersey but used in those states caused the levy to become an illegal double tax and an unconstitutional burden on interstate commerce.
We do not agree. The two tax acts are separate and distinct and cannot be confused in operation and effect merely because the Legislature for reasons of policy decided to allow credits against the one for amounts paid under the other. Insofar as appellant in the first instance paid motor *359 fuel taxes on fuel purchased here, the tax was free of constitutional defect notwithstanding the fuel would be used in part outside the State. The taxing incident consisted of sale here and/or transfer of the fuel into motor vehicles situated in this State. This conclusively validates the fuel sales tax here as against commerce arguments. See Nashville, Chattanooga & St. Louis Railway Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730 (1933); Edelman v. Boeing Air Transport, Inc., 289 U.S. 249, 251-252, 53 S.Ct. 591, 77 L.Ed. 1155 (1933).
As to the incidence of the road tax act on appellant, that tax was imposed solely for intrastate use of our highways by its vehicles operated in the course of its business as a motor carrier, and appellant does not and could not successfully attack it on constitutional grounds. Much less can it do so when the statute credited its obligation for that tax with the entire amount of its motor fuel taxes paid in this State.
It is clear that appellant's grievance against the pre-1964 road tax act consists not in the affirmative taxing provisions of the act but in the failure of the act to relieve it for road taxes paid elsewhere in respect of fuel bought here and used to propel vehicles there. But this is not an appropriate basis for a constitutional attack on our statute. Taxes validly imposed in this State are not rendered invalid by what other states do in the exercise of their own taxing power. See the rejection of a similar contention in Commonwealth v. White Star Lines, Inc., 20 Pa. D. & C.2d 374 (Pa. Cty. Ct. 1959). Thus, neither our fuel sales tax nor our road use tax, nor the combination thereof, constituted a forbidden burden upon interstate commerce or a double tax on the same property. Cf. Central R. Co. v. Pennsylvania, 370 U.S. 607, 82 S.Ct. 1297, 8 L.Ed.2d 720 (1962).

As to the Balance of the $37,491.63 Claim
As noted above, the Legislature in 1964 amended section 8 of the road tax act to allow, as an alternative to the credit *360 for motor fuel taxes paid, theretofore allowed by the act, a refund for such road taxes as had been paid to another state by reason of the use or consumption on its highways of motor fuel attributable to purchase in this State. But the section states that "An application for refund shall be made within 4 months following the end of the reporting period."
Considering the problem simply as a matter of statutory construction, we are clear that the Legislature did not intend to allow entertainment of section 8 refunds after passage of the four-month period following the reporting period. The intent that this limitation should be mandatory is manifested by the provision in N.J.S.A. 54:39A-19, dealing generally with claims for refunds under the act and allowing two years after payment of the tax therefor, that it not be applicable to section 8 claims for refund. We do not accept appellant's argument that this is an unreasonable construction of the intent of the act in relation to deficiency claims on out-of-state taxes asserted long after passage of the four-month local reporting period, as here. The Legislature could reasonably contemplate that taxpayers should correctly estimate their tax obligations to other states in their original returns and decline to allow claims for refunds based upon much later reassessments elsewhere occasioned by faulty original returns by the taxpayer to such states. We have no occasion to express any view on the reasonableness of the refund period fixed  that was a policy matter for the judgment of the Legislature.
Limitation periods for claims for refunds are common administrative provisions found in tax legislation and justified by the need for predictability of revenues by public agencies. Cf. Wm. Eisenberg & Sons, Inc. v. Martin, 120 N.J.L. 348 (Sup. Ct. 1938).
Appellant's alternative position, that the 1964 amendment was adopted in order to assure the constitutionality of the act and that therefore section 8 should be liberally construed to allow refunds for payments of taxes elsewhere when such reassessments are imposed later than the expiration of four *361 months after the end of the local reporting period, is unfounded. The "Statement" accompanying the bill which was enacted as L. 1964, c. 258, demonstrates that the legislative purpose was to encourage purchase of fuel requirements by motor carriers in New Jersey, as opposed to the discouragement of such purchases under the previous legislation which did not allow credits for taxes paid in other states on road travel there but attributable to fuel purchased and tax-paid here.
The road tax act not having been unconstitutional, as claimed by appellant, even prior to the 1964 amendment, it was a fortiori not unconstitutional subsequent thereto, and this notwithstanding the strict construction of the limitation period for section 8 refunds which we have held above to represent the legislative intent.
We note that review of the action of defendant should have been sought before the Division of Tax Appeals pursuant to N.J.S.A. 54:39A-17. However, without intending to set a precedent, we have entertained this appeal to settle the legal question presented expeditiously.
Affirmed.