LASSER, P. J. T. C.
This is an action by taxpayer for refund of cigarette tax paid on cigarettes destroyed by fire. Both the taxpayer and the Director have moved for summary judgment based on stipulated facts.
The facts as stipulated are that on January 17, 1979 a fire destroyed taxpayer’s Edison, New Jersey, warehouse. The building and its contents were destroyed, including 18,247,820 cigarettes stored in the warehouse. Of this amount, 2,880,000 cigarettes had been received less than 24 hours before the fire. None of the 18,247,820 cigarettes had tax stamps or meter impressions affixed. All of these unstamped cigarettes were owned and in the possession of taxpayer who, prior to the fire, intended to distribute them to its supermarkets located in New Jersey, New York, Connecticut, Pennsylvania and Delaware. At the time of the fire taxpayer was a licensed New Jersey cigarette distributor authorized to affix and cancel New Jersey cigarette stamps, and to use metering machines to affix New Jersey meter impressions pursuant to N.J.S.A. 54:40A -3, 4, 11 and 17. The only evidence of the destruction of the cigarettes is from taxpayer’s records and statements. Neither the Director nor any employee of the Division has any personal knowledge of *434 their destruction. Nevertheless, the Director does not contest the fact that this destruction occurred. None of the cigarettes could be salvaged or inventoried and none were returned to the manufacturer for credit. It had been taxpayer’s practice, as indicated by its records for the two-year period immediately preceding the fire, to sell outside of New Jersey 49.2% of all unstamped cigarettes held in its Edison warehouse.
The following exhibits were incorporated in and made a part of the Stipulation of Facts: ■
1. The Resident Distributor’s Cigarette Tax Returns for the months of April 1977 through January 1979.
2. Taxpayer’s Unstamped Cigarettes Imported Reports for January 1979.
3. The Notice of Assessment, dated April 18,1979, the Director’s final determination letter of October 15, 1979 and the final determination letter of the Director of February 27, 1980.
An affidavit of James L. Manning, Chief of the Review and Conferences Branch of the Division of Taxation, was included in evidence by stipulation. This affidavit stated the policy of the Division not to impose tax on unstamped cigarettes destroyed while in the possession of a distributor, when the destruction occurs in the presence of an employee of the Division.
Taxpayer contends that it should not be required to pay tax on cigarettes destroyed in the fire. It argues that no tax is due because there was neither a “sale” nor “use” nor “possession for sale or use” as those terms are used in N.J.S.A. 54:40A-8. Taxpayer contends that there was no “sale” because the cigarettes were destroyed.
The statute defines the word “sale” to specifically include theft. Taxpayer contends that, because the statute did not specifically include casualty loss in the definition, the word “sale” does not include loss by fire. Taxpayer supports this argument by reasoning that stolen cigarettes are still available to the consumer market whereas cigarettes destroyed by fire will never enter the consumer market.
Taxpayer contends that there was no “use” of the cigarettes because taxpayer is a distributor, not a consumer. Taxpayer contends that “distributor” and “consumer” are defined terms. *435 Consumer is defined in § 2(f) as one who acquires cigarettes for use. There is no acquisition for use language in the distributor definition. Taxpayer concludes, therefore, that a distributor sells cigarettes and a consumer uses cigarettes.
Taxpayer argues that mere possession is not sufficient for the imposition of a tax. The possession must be for sale or use. In this case there was no sale because the cigarettes were destroyed and there was no use because the taxpayer is not a user. Taxpayer further argues that, under N.J.A.C. 18:5-4.4 and 4.5 and the policy of the Division of Taxation as set forth in the affidavit of James L. Manning, no tax is imposed or a refund is allowed in the event of spoilage, return or destruction of cigarettes in the presence of a representative of the Division of Taxation. In these cases, the cigarettes may have been possessed but their possession alone is not sufficient to subject taxpayer to tax. Therefore, taxpayer contends that there can be no possession for sale or use when there is no sale or use.
The Director does not contend that the taxpayer is subject to tax because of the “sale” provisions but rests his argument on the statutory definition of the words “use” and “possession for sale or use.” The Director contends that the first person who brings cigarettes into the State is subject to tax based on that person’s dominion and control over the cigarettes. Section 2(r) states “ ‘use’ means the exercise of any right or power incidental to the ownership of cigarettes.” The Director contends that taxpayer’s exercise of the right of ownership on acquisition constituted use within the meaning of the statute and, in addition, contends that, prior to destruction by fire, taxpayer had “possession for sale.”
The Director contends that once cigarettes are acquired by a distributor, it is taxpayer’s obligation to pay the tax unless:
1. Unused stamps or identifiable mutilated stamps are returned to the Division. N.J.S.A. 54:40A-19; NJ.A.C. 18:5-4.3.
2. Spoiled cigarette packages with stamps affixed are destroyed in the presence of an agent of the Director. N.J.A.C. 18:5-4.4.
3. Unstamped cigarettes are destroyed in the presence of an authorized Division employee. Affidavit of James L. Manning.
4. Cigarette packages are returned to the manufacturer. N.J.A.C. 18:5-4.5.
*436 5. Cigarettes are shipped out of state or sold to agencies not subject to tax. N.J.S.A. 54:40A-19; N.J.A.C. 18:5-4.6 and 4.7.
The Director contends that, in this case, none of the foregoing exceptions to taxability are applicable. He stresses the necessity for a representative of the Division of Taxation to be present at the destruction, on the ground that collection and enforcement require positive proof that cigarettes will not enter the consumer market.
The Cigarette Tax Act imposes a tax on all cigarettes for sale, use or possession for sale or use within New Jersey. N.J.S.A. 54:40A-8. “Sale” means any sale, transfer, exchange, theft, barter, gift or offer for sale and distribution. N.J.S.A. 54:40A-2(n). Taxpayer’s purchase and warehouse storage of cigarettes constitutes use or possession for sale or use, within the statutory definition. The tax is imposed on the sale or use or on the possession for sale or use, with the result that the tax is due and payable on the possession, even if there is no ultimate sale or use. Taxpayer’s argument deals with the definitions of sale, use, distributor and consumer. These definitions cannot be analyzed in a vacuum. The intent of the entire statute must be considered. Coast Cigarettes Sales v. Long Branch, 121 N.J.Super. 439, 449-500, 297 A.2d 599 (Law Div.1972).
Exemptions from the cigarette tax are severely limited and, in the case of destruction by fire, are permitted only where the destruction occurs in the presence of a representative of the Division of Taxation. There is no specific exemption for casualty loss except to the extent granted in the statute and regulations and, with respect to unstamped cigarettes, in the policy of the Director. It is axiomatic that exemptions in taxing statutes must be strictly construed. Princeton Univ. Press v. Princeton Borough, 35 N.J. 209, 214, 172 A2d 420 (1961).
I note that the parties have not cited any reported New Jersey cases on point and there do not appear to be reported cases in other states on which the court may rely. I also note that the Director has referred to Senate Bill 331, passed by the Legislature in 1971, which provides for a refund to cigarette *437 distributors of any tax imposed on cigarettes which are stolen or destroyed while in the possession or ownership of the distributor. This bill was vetoed by the Governor in March 1971.
Taxpayer contends that the destroyed cigarettes destined for out-of-state shipment are not taxable and argues that, in the two-year period immediately preceding the fire, 49.2% of its cigarettes were sold to out-of-state dealers.
Cigarettes which acquire a taxable situs in New Jersey are subject to tax by New Jersey. See Miller Bros. Co. v. Maryland, 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744 (1954), reh. den., 347 U.S. 964, 74 S.Ct. 708, 98 L.Ed. 1106 (1954). In Independent Warehouses, Inc. v. Scheele, 331 U.S. 70, 67 S.Ct. 1062, 91 L.Ed. 1346 (1946), the United States Supreme Court upheld local New Jersey taxation of coal mined in Pennsylvania, shipped to New Jersey and stored there for ultimate shipment out of state. Rejecting the claim that future interstate movement rendered the property exempt from local taxation, the court stated: “If the interstate movement has not begun, the mere fact that such a movement is contemplated does not withdraw the property from the State’s power to tax...” Id. at 73, 67 S.Ct. at 1064. The court went on to state that the requirement of actual out-of-state shipment ensures that actual shipment occurs. Id. at 80-81, 67 S.Ct. at 1068.
Stamps are required to be affixed to cigarettes within 24 hours of receipt, except that cigarettes delivered to points out of the state within 24 hours need not be stamped. N.J.S.A. 54:40A-15. The statutory scheme with respect to out-of-state sales of cigarettes is further implemented by § 19, which provides for a refund of tax in the event of sale outside of New Jersey when proof of such sale is submitted to the Director. The Director’s regulations are consistent with the statutory requirements. N.J.A.C. 18:5-2.1, 2.5 and 4.7.
In the subject case the cigarettes destroyed were not shipped or sold out of state within 24 hours of receipt nor were they sold out of state thereafter. The destruction of the cigarettes by fire prevented their shipment out of state within the 24-hour period. Neither the delivery out-of-state exception to *438 the 24-hour stamp requirement nor the refund provision for out-of-state sales is applicable because of the destruction of the cigarettes.
The fact that 49.2% of all unstamped cigarettes held in the Edison warehouse for the two-year period immediately preceding the fire were sold outside New Jersey does not affect the taxability of' the destroyed cigarettes. The 49.2% figure does not prove that any of the subject cigarettes would have been sold out of state.
The statutory scheme imposes the tax on the distributor. This obligation is not relieved by the destruction of the cigarettes, or by the possibility that, if the cigarettes had not been destroyed, some of them may have been shipped or sold out of state. Only the actual shipment or sale out of state relieves the distributor of the tax obligation.
I conclude that taxpayer’s motion for summary judgment must be denied on the ground that the statute, the regulation and Division of Taxation policy do not permit exemption from tax of unstamped cigarettes which were purchased and destroyed by fire while in the possession of a distributor.
The Director’s motion for summary judgment is granted and the taxpayer’s motion for summary judgment is denied. The Clerk of the Tax Court is authorized to enter judgment in accordance with this opinion.