193 N.J. Super. 80 (1984)
472 A.2d 168
DOW JONES & COMPANY, INC., PLAINTIFF-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 1984.
Decided March 2, 1984.
*82 Before Judges BISCHOFF, PETRELLA and BRODY.
Frederick T. Davis, a New York attorney, admitted pro hac vic argued the cause for appellant; Richard J. Pinto appeared on behalf of appellant, (Smith, Stratton, Wise, Heher & Brennan, attorneys).
Martin L. Wheelwright, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel).
PER CURIAM.
The judgment of the Tax Court under review is affirmed essentially for the reasons express by Judge Conley in his opinion published at 5 N.J. Tax 181 (Tax Ct. 1983).
The following observations are necessary to resolve contentions made by plaintiff in this court which are not covered in the published opinion.
In 1970 and 1971 Dow Jones purchased the printers here involved at a price of approximately $14,000,000 from General Electric. The unit price of the printers was $2,030. Dow Jones paid sales tax on this purchase to the States in which it took delivery of the tickets. Plaintiff has a warehouse in New Jersey and took delivery of many of the machines here and paid a sales tax for the machines delivered and used here as well as on some which were ultimately used in other States.
Plaintiff argues that the imposition of the sales tax on rental agreements constitutes unfair and inequitable double taxation. We disagree. The sales tax is imposed upon retail sales of tangible personal property. N.J.S.A. 54:32B-3(a). A lease of construction equipment has been held to constitute a *83 retail sale within the provisions of N.J.S.A. 54:32B-3(a). Mal Brothers Contracting Co. v. Division of Taxation, 124 N.J. Super. 55 (App.Div. 1973). We see no distinction between a lease of construction equipment and the lease of equipment before us. In response to plaintiff's claim of double taxation the deputy attorney general pointed out that at the time of purchase the plaintiff could have sought an exemption from the sales tax pursuant to N.J.S.A. 54:32B-2(e)(1)(A). Plaintiff alone is responsible for its present predicament.
Plaintiff also argues that it is subject to discriminatory treatment due to the imposition of the tax which places it at an economic disadvantage with respect to its competitors. The factual basis for this argument is as follows. Until the latter part of 1967 plaintiff charged its News Service subscribers without breaking out separate charges for the News Service or the tickers. With the advent of CRTs this practice was changed so that a subscriber to the News Service who did not use a ticker was not charged for one. However, a subscriber who takes the News Service over a CRT is charged $140 per month in addition to the charge for the News Service. This monthly fee has component parts which include charges for the printer, a CRT display fee, the cost of the telephone lines and a service and maintenance charge. Plaintiff's records contained a breakdown, by customer, of the charges for the News Service and for the use of the ticker. The sales tax is not assessed on the News Service.
On the other hand, competitor news services subscribers have the option of using a teleprinter similar to the tickers utilized by the plaintiff. If a subscriber takes the news service but not the teleprinter it pays less than the subscriber who uses the teleprinter. The bill submitted to the subscriber does not break out separate charges for the service and the printer.
In response to this charge of unfair and discriminatory treatment the Attorney General points out that this sales and use tax is a self-executing tax which must be reported and paid by the *84 taxpayer. The defendant does not audit and assess each and every taxpayer, but rather undertakes to audit some taxpayers in accordance with its standard auditing and enforcement procedure. If the auditor consequently finds a deficiency an assessment is made. The fact one taxpayer is subject to an audit and assessment while another similarly situated may not have been, even though subject to the same law, does not constitute discrimination against the audited taxpayer. Nor does it represent approval of the practices of the unaudited taxpayer. In fact, this is probably the first audit conducted of this type of business with respect to the sales and use tax and no conclusion with respect to the propriety of the practice of plaintiff's competitors can fairly be drawn.
Plaintiff further charges that the assessment of a tax on it but not upon its competitors, based on the fortuitous happenstance that plaintiff itemizes its equipment charges while its competitors do not, constitutes the assessment of a sales tax against it despite inapplicability to its competitors which, in effect, is arbitrary discrimination in violation of the First Amendment citing Minneapolis Star and Tribune Co. v. Minnesota Commissioner of Revenue, 460 U.S. 575, 103 S.Ct. 1365, 75 L.Ed.2d 295 (1983). A short answer to this contention is that the Department has not audited and then ruled that plaintiff's competitors are not liable for the tax. Moreover, the Minneapolis Star and Tribune case is not on point. The use tax there under consideration exempted the first $100,000 of the cost of ink and paper used in a year from the tax and taxed the balance. The result was to tax only 14 of the largest newspapers (out of 388) in the State with the Minneapolis Star and Tribune paying roughly two-thirds of all the tax assessed. The Supreme Court held the tax unconstitutional because it singled out and targeted a small group of newspapers. No such discrimination is apparent here.
Finally, plaintiff asserts the tax as applied is in violation of the First Amendment of the Federal Constitution. This issue was pleaded and listed in the pretrial order. It was not, *85 however, briefed by the plaintiff and not submitted as an issue to the trial court. Dow Jones, supra, 5 N.J. Tax at 185. It is a "general rule of appellate practice that ordinarily no issue will be considered by the reviewing court unless raised and argued below." Deerfield Estates, Inc. v. Twp. of East Brunswick, 60 N.J. 115, 120 (1972). This is true of constitutional issues unless the issue goes to the question of jurisdiction or presents a matter of real public importance. Where both these characteristics are lacking review will normally be denied. Id.
Since this issue, argued for the first time on appeal does not go to the question of jurisdiction or present a matter of real public importance we need not and do not consider it. Steward v. Magnolia, 134 N.J. Super. 312, 316 (App.Div. 1975), certif. den. 68 N.J. 481 (1975).
Affirmed.