RIMM, J.T.C.
This is a sales tax matter in which plaintiff seeks the refund of sales tax paid to the State of New Jersey in connection with the purchase of an automobile subsequently impounded by the New Jersey State Police as a stolen car. Plaintiffs application to the Director, Division of Taxation, for a refund was denied on the ground that the application was not filed within the two-year period of N.J.S.A. 54:32B-20(a). Plaintiff demands judgment in the present matter against defendant for the refund of $516 paid as sales tax, and the matter is before the court on stipulated facts.
On February 8, 1983, plaintiff purchased a 1982 Honda Accord automobile from Kay Motors, Eatontown, New Jersey, for $8,600, plus $516 for sales tax paid to the State of New Jersey, for a total payment of $9,116.00. On January 27, 1986, the vehicle was impounded by the New Jersey State Police as a stolen car. N.J.S.A. 39:5-47. On February 6, 1986, plaintiff applied to defendant, Director, Division of Taxation, for a refund of the sales tax paid in the sum of $516. On March 25, 1986, plaintiffs application for a refund was denied by defendant on the ground that the application for the refund was not filed within the two-year period of N.J.S.A. 54:32B-20(a).
Plaintiff also made a claim against her vendor for the loss she sustained by virtue of the State’s impounding the vehicle. Following the execution of a release dated October 8, 1986, the vendor’s insurance carrier paid plaintiff the total sum of $6,078.88. This was allocated as follows: $5,734.80 representing the fair market value of the car on the date of its impoundment; and $344.08 for sales taxes based on the carrier’s determination of the amount of sales tax that would have been paid *267 had the vehicle been purchased for its fair market value on the date of impoundment.
Defendant makes two contentions in opposing plaintiffs claim: strict adherence to statutory time limitations is essential in tax matters, FMC Stores Co. v. Bor. of Morris Plains, 100 N.J. 418, 424-425, 495 A.2d 1313 (1985), and, accordingly, the applicable statute bars plaintiffs claim. In any event, defendant further argues, even if a timely application for refund had been made, the tax was imposed on the transfer of title or possession of tangible personal property and plaintiff is not entitled to a refund, citing LBD Construction, Inc. v. Taxation Div. Director, 8 N.J.Tax 338, 344-345 (Tax Ct.1986) (transfer of motor vehicle from stockholder to corporation resulted in imposition of sales tax).
Plaintiff argues that “this court must exercise its powers as a court of equity to set aside the application of the two-year statute of limitations on sales tax refunds imposed by N.J.S.A. 54:32B-20(a).” Plaintiff claims that it is inequitable to apply the statute of limitations because she could not have known of her right to a refund until the vehicle was impounded by the State Police.
Plaintiff acknowledges the strict interpretation of statutes of limitations in the field of taxation. Eisenberg v. Thayer-Martin, 120 N.J.L. 348, 199 A. 723 (Sup.Ct.1938); McCullough Trans. Co. v. Dir. of Motor Vehicles, 113 N.J.Super. 353 (App.Div.1971); Commercial Refrigeration & Fixture, Inc. v. Taxation Div. Director, 2 N.J.Tax 415, 184 N.J.Super. 387, 446 A.2d 210 (Tax Ct.1981). However, plaintiff claims that statutes of limitations are tolled when a party does not know or could not have known that a claim existed. She bases her argument on Cole v. Brandle, 127 N.J.Eq. 31, 11 A.2d 255 (E. & A.1940) and Partrick v. Groves, 115 N.J.Eq. 208, 169 A. 701 (E. & A.1934), which cases, plaintiff says, hold that statutes of limitations will not be enforced when to do so “would further *268 manifest injustice” or when there are circumstances which would make it inequitable to do so.
In opposing plaintiff’s position, defendant argues that statutes of limitations “are to be strictly construed on the basis of providing predictability for the revenues of public agencies,” citing McCullough and Eisenberg. Defendant also argues that this court has specifically held that a taxpayer who fails to file a timely claim for a refund under the sales tax act is barred from making such a claim, citing Commercial Refrigeration. Defendant also relies on FMC Stores Co. v. Bor. Morris Plains, 100 N.J. 418 at 424-425, 495 A.2d 1313, in which the Court said, “Strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government.” Finally, on the statute of limitations issue, defendant argues that the “discovery rule” of Partrick v. Groves, supra, more fully considered in the leading case of Lopez v. Swyer, 62 N.J. 267, 272-274, 300 A.2d 563 (1973), does not apply to tax matters.
Defendant also argues that, even if plaintiff had filed a timely application for refund, her claim would have been denied because the transaction between plaintiff and Kay Motors was a taxable sale. N.J.S.A. 54:32B-3(a) imposes a tax on “the receipts from every retail sale of tangible personal property.” N.J.S.A. 54:32B-2(e) defines a retail sale as a sale of tangible personal property to any person for any purpose. N.J.S.A. 54:32B-2(f) defines a sale as any “transfer of title or possession or both, ... for a consideration.” Here, defendant claims, there was: (1) tangible personal property—an automobile; (2) consideration—$8,600; and (3) a transfer of title or possession—plaintiff had the use of the automobile for almost three years. As to the last item, defendant relies on Kutner Buick, Inc. v. Strelecki, 111 N.J.Super. 89, 267 A.2d 549 (Ch.Div.1970). In that case, according to defendant, the court held that a good faith purchaser for value acquires good title against all but the true owner but that the State of New Jersey may permissibly impound stolen vehicles resulting in a forfeiture of the purchas *269 er’s title.[1] Finally, on this point defendant argues that there is no requirement that a purchaser maintain continuous and uninterrupted possession of tangible personal property for the State to retain the sales tax paid, citing Supermarkets General Corp. v. Taxation Div. Dir., 4 N.J.Tax 431, 437-438 (Tax Ct.1982), aff’d 6 N.J.Tax 252 (App.Div.1983), and Hoffman Import and Dist. Co. v. Taxation Div. Director, 146 N.J.Super. 132, 136-137, 369 A.2d (App.Div.1977).
The discovery rule was first announced by the Supreme Court of New Jersey in Fernandi v. Strully, 35 N.J. 434, 173 A.2d 277 (1961), a medical malpractice action. Subsequent decisions have extended the rule, and the rule was applied in New Market Poultry Farms, Inc. v. Fellows, 51 N.J. 419, 241 A.2d 633 (1968) (land surveyor’s negligent miscalculation); Diamond v. N.J. Bell Telephone Co., 51 N.J. 594, 242 A.2d 622 (1968) (defendant’s installation of conduit caused damage); Yerzy v. Levine, 57 N.J. 234, 271 A.2d 425 (1970) (medical malpractice); Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 299 A.2d 394 (1973) (identity of defendant could not be ascertained).
In Lopez v. Swyer, the Court dealt with the application of the statute of limitations to plaintiffs’ claims against one defendant, a physician whose last contact with plaintiff-wife was in 1962. Suit was not commenced until 1967, well beyond the two-year period of limitations applicable to personal injury claims. N.J.S.A. 2A:14-2. The Court concluded that the “discovery rule” applied to the case and held that the cause of action for personal injury did not accrue, and the two-year statute of limitations did not begin to run, until the injured party discovered, or by an exercise of reasonable diligence and intelligence should have discovered, that she had a basis for an *270 actionable claim. The doctrine applies in an appropriate case whenever equity and justice call for its application.
The Court in Lopez considered the equities in favor of a plaintiff who does not know of an injury or is unable to ascertain who is at fault. The discovery rule mitigates against harsh and unjust results which flow from the automatic application of a strict rule of limitations. On the other hand, the Court recognized that it may be unjust to compel a person to defend a lawsuit long after the alleged injury has occurred. Statutes of limitations are statutes of repose and their purpose is fairness to defendant.
In concluding that the equitable claims of opposing parties must be weighed, the Court was dealing with a legislative limitation on the time within which common law causes of action could be brought. Engrafting a “discovery rule” on a statute of limitations may therefore be a proper judicial action. However, given the control of the legislative branch over taxation, judicial engrafting of a “discovery rule” on refund statutes of limitations is not proper. Our courts recognize that “enforcing the collection of municipal taxes” involves an area “of special legislative concern,” and “judicial deference ought to be paid to the Legislature’s expression of public policy” in the area. New Shrewsbury Bor. v. Block 115, Lot 4, 74 N.J.Super. 1, 180 A.2d 387 (App.Div.1962). All taxation being strictly a creature of statute, enforcing the collection of all taxes involves an area of special legislative concern, and deference ought to be paid by this court to the legislative expression of public policy limiting the time within which refunds of state taxes may be sought.
Even when an unconstitutional tax has been paid, our Supreme Court has held that it cannot be refunded in the absence of statutory authority for such a refund. Continental Trailways v. Director, Div. of Motor Vehicles, 102 N.J. 526, 509 A.2d 769 (1986). In that case the Court refused to allow a refund on $55,392.64 paid by the taxpayer under a statute which the Court held unconstitutional. The Court said,
*271 Public policy discourages suits for the refund of taxes erroneously paid or illegally collected. Governments are entitled to presume that statutes are constitutional. Government budgets are prepared on an annual cash basis. Lavin v. Hackensack Bd. of Educ., 90 N.J. 145, 154 [447 A.2d 516] (1982). Therefore, in the absence of a statutory limitation on the time in which a taxpayer may file suit to declare a tax unconstitutional, governments would be subject to substantial liabilities from refunds of those unconstitutional taxes. Accordingly, in the absence of statutory authority, taxes voluntarily, although erroneously, paid even under an unconstitutional statute cannot be refunded. Berry v. Daigle, 322 A.2d 320, 326-327 (Me.1974). [Id. at 548, 509 A.2d 769]
A fortiori, taxes paid under a constitutional statute cannot be re-refunded in the absence of statutory authority, and the Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq., is a constitutional act. Dow Jones & Co., Inc. v. Taxation Div. Director, 193 N.J.Super. 80, 84, 472 A.2d 168 (App.Div.1984) certif. den. 99 N.J. 153, 491 A.2d 668 (1984) (assessment of sales tax held not to be arbitrary discrimination in violation of First Amendment); Del Val Pennysaver, Inc. v. Taxation Div. Director, 188 N.J.Super. 108, 114, 456 A.2d 115 (App.Div.1983) (no merit in plaintiffs suggestion that application of sales tax constitutes a denial of equal protection, due process and freedom of the press in violation of the First, Fifth and Fourteenth Amendments to the United States Constitution and Art. 1, par. 2 of the Constitution of the State of New Jersey and no legal infirmity, constitutional or otherwise, discerned in the act or its application).[2]
The statutory authority applicable to the present case provides for a refund of taxes to be sought within two years of the payment of the refund. Since no refund was sought within the two-year period, no refund can be obtained. This court has consistently held that filing deadlines are jurisdictional requirements and that noncompliance with these deadlines mandates dismissal. See Franklin Tp. v. Environmental Protection Dept., 7 N.J.Tax 224 (Tax Ct.1984), aff’d per curiam, 7 N.J.Tax 657 (App.Div.1985); Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38 (Tax Ct.1982); Tolentino v. Oxford Tp., 4 *272 N.J.Tax 173 (Tax Ct.1982); Bass River Tp. v. Driscoll, 3 N.J.Tax 177 (Tax Ct.1981), and Horrobin v. Taxation Div. Director, 172 N.J.Super. 173, 1 N.J.Tax 213, 411 A.2d 479 (Tax Ct.1979). In Franklin, this court said that “finality with regard to tax matters is particularly important due to the State’s dependence upon taxation to carry on the affairs of government and the need to predict the revenues so necessary to its proper functioning.” 7 N.J.Tax at 231.
Even if a timely application had been filed, plaintiff would not be entitled to a refund. Plaintiff obtained rights in the stolen vehicle which were tantamount to good title. She had the uninterrupted and unimpeded use of the motor vehicle for approximately three full years. Upon the impoundment by the State Police on February 7, 1986, she was regarded by her vendor’s insurance carrier as the owner of the vehicle. She was paid the full fair market value of the vehicle on the date of the impoundment as though it had been stolen from her, together with an amount of sales tax based on that fair market value. In this regard, the principles of Supermarkets General Corp. v. Taxation Div. Director, supra, and Hoffman Import and Distributing Co. v. Director, Div. of Taxation, supra, apply to this case. In Supermarkets General there was a loss by fire of over 18 million cigarettes. The Tax Court held that neither such loss nor proof that roughly 50% of the cigarettes would have been shipped out of state and thus been tax exempt under the circumstances described by the Cigarette Tax Act, N.J.S.A. 54:40A-1 et seq., eliminated the tax liability of the wholesaler. Hoffman involved a liquor wholesaler who claimed it was not liable for the alcoholic beverage tax under the Alcoholic Beverage Tax Act, N.J.S.A. 54:41-1 et seq., on alcoholic beverages stolen from its premises. The Appellate Division held that the imposition of tax on items subsequently stolen did not violate the Due Process and Equal Protection Clauses of the State and Federal Constitutions.
The Clerk of the Tax Court will enter a judgment dismissing the complaint.

The recent case of State v. Somerset Central Corporation, 216 N.J.Super. 716, 524 A.2d 893 (App.Div.1987) casts doubt on the result in Kutner. However, there are no facts before the court indicating whether plaintiff contested the State’s seizure of the vehicle. In any event, given the result reached in the present case, the court need not decide the question of actual title.

In Fairlawn Shopper, Inc. v. Taxation Div. Director, 98 N.J. 64, 73 (1984), the Supreme Court "disagree[d]" with Del Val Pennysaver on other grounds.