LASSER, P.J.T.C.
Taxpayer seeks a refund of $152,473 use tax erroneously paid on charges for installation of property which, after payment of the tax, was determined to be real not personal property. The *563 subject use tax was paid for the period January 1,1982 through December 31, 1984 with tax returns filed February 20, 1982 through January 20, 1985.[1] At issue is whether taxpayer’s consent to an extension of time for the Director to make an additional assessment enlarged the refund claim period. Resolution of this issue involves the interplay of three sections of the Sales and Use Tax Act, N.J.S.A. 54:32B-20(a), -27(b) and - 27(c).
It is clear that the Division of Taxation may not allow a refund of tax unless authorized to do so by statute. Keezer v. Taxation Div. Director, 9 N.J.Tax 264, 270-271 (Tax Ct.1987).
The Sales and Use Tax Act, in § 20(a), permits a taxpayer to claim a refund within two years of the date of payment of the tax claimed to be erroneously paid:
(a) In the manner provided in this section the director shall refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid if application to the director for such refund shall be made within 2 years from the payment thereof____
Section 27(b) provides that the Director may impose an additional sales and use tax assessment within three years of the filing of a tax return.
Section 27(c) contains an exception to the § 20(a) two-year refund period. Section 27(c) states in pertinent part:
(c) ... If a taxpayer has consented in writing to the extension of the period for assessment, the period for filing an application for credit or refund pursuant to section 20 shall not expire prior to 6 months after the expiration of the period within which an assessment may be made pursuant to the consent to extend the time for assessment of additional tax.
In a prior opinion in this case,[2] the court found that taxpayer’s certified letter of September 27, 1985 to the Division of *564 Taxation constituted a claim for refund which entitled taxpayer to a refund of use tax erroneously paid during the two-year period prior to that date.
Subsequent to that opinion, the issue of the period of time to which the refund claim applied was re-opened at the request of the parties. The matter was submitted to the court on testimony of a representative of the Division of Taxation and on stipulated facts and legal briefs.
I.
During an audit of taxpayer's sales and use tax returns filed for the 1982-1984 period, the Director requested taxpayer to consent to an extension of the three-year assessment period pursuant to § 27(c). Taxpayer signed a consent extension agreement on October 18, 1984, which fixed December 31, 1985 as the date by which additional tax could be assessed.
On October 21, 1985, following the audit, a use tax deficiency assessment in the amount of $108,954 was imposed by the Director. Thereafter, the parties agreed that, of this sum, taxpayer was responsible for $13,134, and the $95,820 balance of the deficiency assessment, which related to use tax on charges for installation of real property, was vacated subject to the right of the Director to reinstate this assessment if the Director prevailed on appeal of the real property-personal property issue.
Taxpayer claims that it erroneously paid $165,607 use tax on charges for installation of real property for the period 1982-1984. Deducting the $13,134 concededly valid additional assessment from the $165,607 paid by taxpayer yields the $152,473 refund that taxpayer seeks.
Taxpayer contends' that when a taxpayer consents to extend the time for additional assessment, the taxpayer is entitled to claim a refund of tax paid with any tax return that is the *565 subject of the extension agreement. Taxpayer argues that it therefore had until June 30,1986, six months after the extended assessment period, to file a refund claim for tax erroneously paid for the 1982-1984 period.
The Director contends that taxpayer is limited by the two-year refund period of § 20(a) and that execution of the extension agreement does not revive expired refund application periods. The Director offers three alternative interpretations of the interplay of §§ 20(a) and 27(c). These interpretations suggest, in order of importance of the State’s positions, that within six months after December 31, 1985 taxpayer may:
(1) claim refund for tax paid beginning two years prior to the date of the refund claim letter, September 27, 1985 (September 28, 1983 to December 31, 1984, amounting to $47,035), or
(2) claim refund for tax paid the last two years audited (January 1, 1983 to December 31, 1984, amounting to $49,518), or
(3) claim refund for tax paid beginning two years prior to the date of the consent to extend (October 19, 1982 to December 31, 1984, amounting to $63,365).
The court notes an additional issue not raised by the parties. The extension agreement by its terms included returns filed for the period January 1, 1982 through December 31, 1984. However, under § 27(b), returns filed on or after December 31, 1982 could have been subject to additional assessment on or before December 31, 1985 without taxpayer’s consent to extend. Thus, a question arises whether the refund claim period is extended for payments made with tax returns included in the extension agreement where the assessment period is not extended by the extension agreement.
II.
The time period in issue is January 1, 1982 (the beginning of the audit period) through September 27, 1983.[3] There are two refund claim issues:
*566 1. When the § 20(a) two-year refund period has expired, does § 27(c) revive taxpayer’s right to claim a refund?
2. When the consent extension agreement does not add to the § 27(b) three-year additional assessment period, does § 27(c) apply?
Section 27(c) was taken directly from the New York Sales and Use Tax Law. The New York Sales and Use Tax Law provides the Department of Revenue with a three-year assessment period and the New York taxpayer with an equal three-year refund claim period. In addition, New York gives a taxpayer six months after the assessment period to make a refund claim where a taxpayer consents to an extension of the three-year assessment period. New York Tax Law § 1147(c) (McKinney 1987). The New Jersey Sales and Use Tax Act, while permitting a three-year period for imposition of an additional assessment, limits the taxpayer to a two-year period within which to claim a refund.
The Director argues that the two-year, three-year dichotomy is preserved under § 27(c). However, the wording of the statute does not indicate an intent to continue this dichotomy where a taxpayer has consented to an extension of the additional assessment period. The words, “six months after the expiration of the period within which an assessment may be made,” are inconsistent with a shorter refund claim period for the taxpayer.
In this case, taxpayer consented to an extension, to December 31, 1985, of the three-year period during which an additional assessment could be made. Section 27(c) extends the time for filing an application for refund to a date which, in this case, is six months after December 31, 1985.
It is apparent from the wording of § 27(c) that the extension of time to file a refund claim applies to tax paid with tax returns which are the subject of the extension agreement. In this case, the agreement recited the tax returns for the period January 1, 1982 through December 31, 1984. The stat *567 ute does not limit the extended refund period to any of the alternatives suggested by the Director. The intent of § 27(c) is to provide taxpayer with an extended period of time within which to file a claim for refund that is equal to the period of the subject audit plus six months. If the refund period were intended to be less than the additional assessment period, the statute would have so stated.
It might be argued that the “shall not expire” wording limits the extended refund period to those returns still timely under § 20(a) at the time the consent is executed and, therefore, that § 27(c) was not intended to revive any expired refund application period. However, in the absence of specific words in § 27(c) to the contrary, the words “shall not expire” must be interpreted as applying to all tax returns referred to in the extension agreement.
The parties have not presented any legislative history, and there is no interpretive Director’s regulation. Therefore, I must rely on the statute, and I cannot find from the wording of the statute that the Legislature intended to continue the two-year, three-year dichotomy.
B.
The subject extension agreement refers to the three-year audit period ending December 31, 1984. The three-year assessment period for tax returns filed December 31, 1982, and later, expired December 31, 1985, and later. Thus, for returns filed on or after December 31, 1982, an extension to December 31, 1985 of the time within which to make an additional assessment was not necessary.
It might be argued that the extension of time in which to file a claim for refund does not apply to time periods for which the Director did not need an extension. The taxpayer in this case would then lose its refund claim for returns filed from December 31, 1982 through September 27, 1983. This interpretation would require the taxpayer to file refund claims during the extended assessment period as to some returns but permit the *568 taxpayer to wait until completion of the audit and imposition of an additional assessment to file claims on other returns subject to the same audit. This would be a strained interpretation of the statute. It may just as easily be argued that the quid pro quo for the grant of extension by the taxpayer is permission for the taxpayer to file a claim for refund of tax paid with all returns filed for the audit period within six months after an additional assessment is made. It may also be argued that the taxpayer could reasonably have relied on the wording of the statute and the reference in the extension agreement to sales and use tax returns for the entire audit period, January 1982 through December 1984.
I find that the more reasonable interpretation is that the Legislature intended to give the taxpayer six months after completion of the audit to decide whether to file a claim for refund on any returns subject to the audit. “[W]hen interpretation of a taxing provision is in doubt, and there is no legislative history that dispels that doubt, the court should construe the statute in favor of the taxpayer.” Fedders Financial Corp. v. Taxation Div. Director, 96 N.J. 376, 385, 476 A.2d 741 (1984) (citing Gould v. Gould, 245 U.S. 151, 153, 38 S.Ct. 53, 53, 62 L.Ed. 211 (1917)).
III.
I conclude that N.J.S.A. 54:32B-27(c) extends the time for filing a claim for refund for all returns and periods referred to in the extension agreement. Thus, taxpayer is entitled to a refund of use tax erroneously paid for the period 1982-1984, less the amount concededly due to the State for this period but subject to the right of the Director to reinstate the additional assessment if the Director prevails on appeal of the real property-personal property issue.
Counsel for taxpayer will prepare an order and final judgment setting forth the figures consistent with this opinion, in accordance with the five-day rule.

 Sales and use tax returns are required to be filed and tax paid monthly by the 28th day of the month for the preceding month. N.J.S.A. 54:32B-17, -18. Taxpayer filed returns and paid tax on the 20th of each month.

 The prior opinion, reported at 11 N.J.Tax 198 (Tax Ct.1990), dealt principally with business personal property tax and the issue of whether property was real or personal property. Sales and use tax is imposed on installation of personal property but not on installation of real property. Thus, the payment *564 of use tax for the period 1982-1984 on installation of property later held to be real property is the subject of taxpayer’s refund claim.

 In the absence of a § 27(c) agreement, taxpayer’s refund claim of September 27, 1985 would apply only to the period September 28, 1983 through December 31, 1984.