ANDREW, J.T.C.
Plaintiff Franklin Township (Franklin) seeks review of the actions of defendant Department of Environmental Protection (DEP) in calculating the payments in lieu of taxes owed under N.J.S.A. 58:21B-6. The complaint is that the payments did not take into account additional rollback taxes assessed pursuant to the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq.
During each of the years 1971 through 1976 and also in 1978, DEP acquired several parcels of land in Franklin pursuant to N.J.S.A. 58:21B-1 for the purpose of constructing a water supply facility designated as the “Six-Mile Run Reservoir.” The parties were not in complete agreement as to the dates of acquisition. This, however, does not preclude determination of the present motion. DEP asserts that it made annual payments in lieu of taxes to the township on or before October 1 of each tax year, up to and including 1983, as required by N.J.S.A. 58:21B-6. Franklin has not challenged this assertion. In computing the “sum equal to that last paid as taxes” used in arriving at the amount of the payments in lieu of taxes due, DEP utilized the assessments made by Franklin at the time each of the parcels was acquired.
Because all of the parcels in question were originally assessed as farmland at the time of acquisition, plaintiff sought and obtained determinations by the county board of taxation *227 assessing farmland rollback taxes against DEP. These rollback taxes were appealed by DEP and were subsequently upheld by the Tax Court and the Appellate Division. Environmental Protection Dep’t. v. Franklin Tp., 181 N.J.Super. 309, 3 N.J.Tax 105, 437 A.2d 353 (Tax Ct.1981), aff’d o.b. per curiam 5 N.J.Tax 476 (App.Div.1983).
In determining the amount of the payments in lieu of taxes due, DEP omitted the rollback taxes from the calculation. Franklin accepted the payments in lieu of taxes as computed by DEP, but enclosed a transmittal letter containing the following paragraph:
Please be advised that by forwarding these executed invoices for payments by the State of New Jersey, the Township of Franklin in no way waives any rights it may have to increased in lieu tax payments as the result of the imposition of rollback taxes for the date of acquisition of each property by the State in addition to the two years prior thereto____[1]
Plaintiff filed a Tax Court complaint on February 14, 1984 challenging the method of computation of the payments in lieu of taxes. DEP was served with a copy of the complaint on February 24, 1984 and filed an answer on April 19, 1984.
Defendant now moves for an order dismissing plaintiff’s complaint because it was filed beyond 90 days from the action sought to be reviewed as required by N.J.S.A. 54:51A-13, N.J.S.A. 54:51A-14(a) and R. 8:4~l(b). Plaintiff opposes defendant’s motion and contends that: (1) N.J.S.A. 54:51A-13, N.J.S.A. 54:51A-14(a) and R. 8:4-l(b) do not apply to an agency such as DEP which pays rather than assesses taxes; (2) the Tax Court has no jurisdiction to hear this matter and the case must be transferred to the Superior Court, Law Division, because the action requested by plaintiff (even though it filed the complaint in this court) is for a prerogative writ of mandamus and thus is not cognizable by the Tax Court under Alid, Inc. v. North Bergen Tp., 180 N.J.Super. 592, 436 A.2d 102 (App.Div.1981); (3) if the case is transferred the 45-day time limit for actions in *228 lieu of prerogative writs should be enlarged in the interest of justice under R. 4:69-6(c); (4) if the complaint in lieu of prerogative writs rule does not apply then, in absence of a statute, under the common law there is no time limit; (5) even if the above mentioned statutes and rules apply, they cannot be enforced against a municipal corporation in matters affecting public rights; (6) even if the above mentioned statutes and rules normally apply there was no official notice of a determination which would trigger the operation of the limitation period; and (7) the cited provisions cannot bar any prospective relief.
I
APPLICATION OF N.J.S.A. 54:51A-18, N.J.S.A. 54:51A-14(a) R. 8:2(a) and R. 8:4-l(b)
N.J.S.A. 54:51A-13 and N.J.S.A. 54:51A-14(a) were effective as of January 28, 1983 and provide as follows:
N.J.S.A. 54:51A-13. Except with respect to review of equalization tables, all complaints seeking review of actions of the Director of the Division of Taxation or any other State agency or officer with respect to any tax matter or of a county recording officer with respect to the realty transfer tax or any appeal with respect to property tax of railroads shall be prosecuted in accordance with the provisions of article 2 of this chapter. [Emphasis supplied]
N.J.S.A. 54:51A-14(a). Except as otherwise provided in this section, all complaints shall be filed within 90 days after the date of the action sought to be reviewed. [Emphasis supplied]
The two rules which parallel these statutes are R. 8:2(a) and R. 8:4—1(b), which state:
R. 8:2(a). The Tax Court shall have initial review jurisdiction of all final decisions including any act, action, proceeding, ruling, decision, order or judgment including the promulgation of any rule or regulation of a County Board of Taxation, any other state agency or officer (including the Director of the Division of Motor Vehicles) with respect to a tax matter, or a county recording officer with respect to the realty transfer tax. [Emphasis supplied]
R. 8:4—1(b). Complaints seeking to review actions of the Director of the Division of Taxation, any other state agency or officer (including the Director of the Division of Motor Vehicles) with respect to a tax matter, or a county recording officer with respect to the realty transfer tax shall be filed within 90 days after the date of the action to be reviewed. [Emphasis supplied]
Plaintiff initially argues that these statutes and rules require that the state agency be operating in the capacity of an assess *229 ing agency in the same manner as the Director of the Division of Taxation, not in a taxpaying capacity, and thus the 90-day time limit does not apply since DEP is clearly a taxpayer under the payments in lieu of taxes provision, N.J.S.A. 58:21B-6, which provides in part:
To the end that municipalities may not suffer loss of taxes by reason of the acquisition and ownership by the State of New Jersey of property therein, the State Treasurer upon certification of the Commissioner of Environmental Protection shall pay annually on October 1 to each municipality in which property is acquired as authorized pursuant to this act:
a. A sum equal to that last paid as taxes upon such land and improvements for the tax year immediately prior to its acquisition, which payments shall continue to be made annually until the year in which actual construction of water supply facilities on the property is undertaken____ [Emphasis supplied]
Plaintiff cites no authority by way of decisional law, legislative history or principles of statutory construction, for this proposition.
Where a statute is clear on its face, the general rule is that the court will not go beyond the plain and unambiguous meaning of the words. N.J.S.A. 1:1-1; In re Jamesburg High School Closing, 83 N.J. 540, 416 A.2d 896 (1980); Watt v. Franklin, 21 N.J. 274, 121 A.2d 499 (1956); Duke Power Co. v. Patten, 20 N.J. 42, 118 A.2d 529 (1955). Any interpretation which makes any part of a statute ineffective, superfluous, inoperative or meaningless must be avoided. Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 389 A.2d 465 (1978); Gavin v. Skyline Cabana Club, 54 N.J. 550, 258 A.2d 6 (1969). If the words of the statute plainly convey legislative intent, the court must give effect to the language used by the legislative body. MacMillan v. Taxation Div. Director, 180 N.J.Super. 175, 434 A.2d 620 (App.Div.1981), aff'd o.b. 89 N.J. 216, 445 A.2d 397 (1982). Where there is no showing of either a contrary legislative intent or some compelling legislative history or demonstrable legislative design, the court must give effect to the statutory language as written. Id., 89 N.J. at 217-218, 445 A.2d 397 (Pashman, J., dissenting). The duty of the court in construing statutes was clearly set forth in Canada Dry Gin *230 ger Ale, Inc. v. F. & A. Distrib. Co., 28 N.J. 444, 147 A.2d 15 (1958) as follows:
When the language employed by the Legislature is clear and unambiguous, the interpretive function of the judicial branch is simple and confined. The law should be applied as written. Under our tripartite system of government, we cannot concern ourselves with matters of legislative wisdom or policy. If the constitutional power exists to promulgate the particular fiat, it must be accepted even if personally we believe it to be a legislative mistake. Nor can the judiciary under the guise of interpretation read into an enactment a more limited policy than that which is clearly projected into action by the words of the lawmakers. [Id. at 458, 147 A.2d 15]
Here, N.J.S.A. 54:51A-13, as well as R. 8:2(a) and R. 8:4—1(b), broadly state that the Tax Court may hear “all complaints seeking review of actions of ... any other state agency ... with respect to any tax matter.” There is nothing in this statutory terminology or in the legislative history to indicate that the Legislature actually intended to preclude Tax Court review of actions of state agencies acting in a taxpaying capacity. It would be pure conjecture and totally without foundation, therefore, to read into the statutes and rules, as plaintiff does, a requirement that the state agency be acting only in a tax assessing capacity. To the contrary, the expansive language clearly shows that the Legislature intended the statute to apply to all actions of any state agency in any tax matter. See Continental Trailways v. Motor Veh. Div. Director, 6 N.J.Tax 42, 47 (Tax Ct.1983).
A broad interpretation of these provisions would also be in accordance with the general policy of requiring strict adherence to statutes establishing filing deadlines as a jurisdictional prerequisite to having tax matters heard, Horrobin v. Taxation Div. Director, 172 N.J.Super. 173, 1 N.J.Tax 213, 411 A.2d 479 (Tax Ct.1979); Prospect Hill Apts. v. Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737 (Tax Ct.1979), and subjecting tax determinations to review in a mandatory manner in strict conformity with statutory time limitations. Clairol v. Kingsley, 109 N.J.Super. 22, 262 A.2d 213 (App.Div.1970), aff’d o.b. 57 N.J. 199, 270 A.2d 702 (1970), appeal dism. 402 U.S. 902, 91 S.Ct. 1377, 28 L.Ed.2d 643 (1971); Hackensack Water Co. v. Div. of Tax Appeals, 2 N.J. 157, 164, 65 A.2d 828 (1949); Danis *231 v. Middlesex Co. Bd. of Tax., 113 N.J.Super. 6, 10, 272 A.2d 542 (App.Div.1971). The underlying purpose of this policy is to provide a point at which decisions become final and litigation comes to an end, In re Pfizer, 6 N.J. 233, 239, 78 A.2d 80 (1951); Leake v. Bullock, 104 N.J.Super. 309, 313, 250 A.2d 27 (App.Div.1969), because finality with regard to tax matters is particularly important due to the State’s dependence upon taxation to carry on the affairs of government and the need to predict the revenues so necessary to its proper functioning. If time limitations imposed on the right of challenge in governmental fiscal matters were subject to extensions and exceptions the amount of revenue available to the State could not be conclusively established. Common limitation periods insure predictability of revenues.
Thus, taking into account both the plain meaning of the language and the underlying legislative policy considerations noted above, N.J.S.A. 54:51A-13 and -14, as well as R. 8:2(a) and R. 8:4-l(b), must apply in this case.
II
OTHER CONSIDERATIONS
Having decided that the above mentioned statutes and rules apply, it is unnecessary to address the other issues (premised on their nonapplication) raised by plaintiff. Further consideration must, however, be given to plaintiff’s three final arguments that: (A) the statutes and rules cannot be enforced against a municipal corporation in matters affecting public rights; (B) they cannot apply where there was no official notice of a determination to trigger the operation of the limitation period; and (C) the cited provisions cannot bar prospective relief.
A
PUBLIC RIGHTS
Plaintiff cites Trenton & Mercer Co. Traction v. Ewing, 87 N.J.Eq. 397, 402, 101 A. 1037 (Ch.1917), rev’d 90 N.J.Eq. 560, *232 107 A. 416 (E. & A.1919) for the proposition that statutes and rules of limitation such as those found in N.J.S.A. 54:51A-13 and -14 and R. 8:4-l(b) cannot be applied against a municipal corporation in matters affecting public rights. This is not what the court, which was primarily concerned with the issues of equitable estoppel and laches, held.
A thoughtful consideration of the implications of plaintiff's argument reveals its spurious nature. Since the Legislature has the power to create, and to invest a municipality with, certain rights by statute, it also has the concomitant power to limit the period of time within which those rights may be enforced. Marshall v. Geo. M. Brewster & Son, Inc., 37 N.J. 176, 181, 180 A.2d 129 (1962). Thus, when in this situation the Legislature created the payments in lieu of taxes statute, N.J.S.A. 58:21B-6, in order to protect municipalities from the loss of revenues due to the acquisition of property by the State, it also had and exercised power to limit the time within which a municipality may bring suit to enforce that right through the passage of N.J.S.A. 54:51A-13 and -14. Therefore, despite the fact that a municipal corporation is involved, the 90-day statute of limitations must still be enforced.
Additional support for this conclusion may be found in N.J. S.A. 54:51A-14(b). That provision specifically requires a municipality to file a complaint pursuant to N.J.S.A. 54:30A-21 (an unrelated statute) by the first Monday in March. This shows that had the Legislature intended N.J.S.A. 54:51A-13 and -14 not to apply to municipalities, it could clearly have said so. Thus, absent any explicit exclusion by the Legislature, N.J.S.A. 54:51A-13 and -14 must be enforced against plaintiff in this case despite the fact that it is. a municipal corporation.
B
OFFICIAL NOTICE
Plaintiff contends that the 90-day limitation found in the statutes and rules noted above could not be triggered until it *233 received official notice of a determination by DEP that rollback taxes would not be included in the calculation of the payments in lieu of taxes. Defendant responds that the time limit began to run either at the time each in lieu payment by DEP was made or, at the latest, when Franklin sent its August 9, 1983 letter to DEP specifically acknowledging the non-waiver of its rights. Under either of defendant’s arguments plaintiff’s February 14, 1984 complaint was clearly untimely.
C
PROSPECTIVE RELIEF
Finally, plaintiff contends that even though the complaint may be dismissed with regard to past in lieu payments, prospective relief requiring DEP to recalculate for the purpose of future in lieu payments should be granted. What plaintiff seeks is a declaratory judgment which is unnecessary at this time. This conclusion in no way indicates, however, the result in any future suit plaintiff may bring with regard to calculation of in lieu payments under the statute.
Accordingly, defendant’s motion to dismiss plaintiff’s complaint for late filing is granted and plaintiff’s complaint is dismissed. The Clerk of the Tax Court will enter judgment in accordance with this opinion.

 Although it is evident that this transmittal letter, dated August 9, 1983, was received by DEP for the 1983 tax year, the record does not demonstrate that any such notice was provided before that time.