LASSER, P.J.T.C.
Plaintiff, New Jersey Transit Corporation (NJ Transit), contests the local property tax assessments for the years 1981 through 1992 on property located near Somerset Street, north of the Raritan Valley Railroad line in Somerville Borough, denominated Block 123, Lot 1.05 on the tax map of the taxing district. NJ Transit also contests the 1991 and 1992 assessments on property located at South Bridge Street, adjacent to the Raritan Valley rail line, known as Block 61, Lot 41.02 on the tax map of the borough. The assessments for the years 1981 through 1985 on Block 123, Lot 1.05 were $5,500, and for the years 1986 through 1992 were $14,200. The assessments on Block 61, Lot 41.02 for the years 1991 and 1992 were $2,800.
Petitions contesting the 1981 through 1991 assessments were filed with the Somerset County Board of Taxation on or about August 15, 1991. The Somerset County Board of Taxation affirmed the assessments, and complaints were filed with the Tax Court on January 28, 1992 contesting the 1981 through 1991 assessments on Block 123, Lot 1.05 and the 1991 assessment on Block 61, Lot 41.02. Petitions contesting the 1992 assessments were timely filed with the Somerset County Board of Taxation, which affirmed the assessments by consent. Complaints contest *341 ing the 1992 assessments were filed with the Tax Court on August 11, 1992.
Somerville Borough determined not to oppose the contest of these assessments by NJ Transit. At a hearing on the matters, the court raised the issue of its jurisdiction to hear cases involving assessments for the years 1981 through 1990 because petitions of appeal were filed with the Somerset County Board of Taxation in August 1991, after the statutory filing deadline of August 15 for each of these tax years.
The subject property consists of an embankment that supports the elevated Raritan Valley rail line which is owned and operated by NJ Transit as a commuter rail line. The rail line was formerly owned by the bankrupt Central Railroad of New Jersey and was transferred to Consolidated Rail Corporation (Conrail) in 1976. The subject property was acquired, together with the remaining Raritan Valley line, by the State of New Jersey from Conrail in 1978. Upon the establishment of NJ Transit in 1979, ownership of the property was vested in NJ Transit. N.J.S.A 27:25-21.
NJ Transit is an instrumentality of the State established pursuant to N.J.SA 27:25-1. NJ Transit contends that the subject property is exempt from local property taxation pursuant to N.J.S.A. 27:25-16, and/or N.J.SA 54:29A-1, and/or 45 U.S.CA § 581(c)(5). NJ Transit claims that the embankment supporting the active passenger rail line is properly classified as Class I or Class III railroad property pursuant to N.J.SA 54:29A-17 and, therefore, is not assessable locally as Class II property pursuant to N.J.SA 54.-29A-11.
By letter dated January 9,1979, the Department of Transportation notified the clerk of every municipality in which it had acquired railroad property under the Federal Rail Reorganization Laws of its acquisition of rail line property and claimed exemption from local property taxation. Between 1982 and 1984, there was correspondence between NJ Transit and defendant’s attorney and assessor regarding identification of property owned by NJ Transit. Tax bills for Block 123, Lot l.E, now known as Lot 1.05, listed the owner as “CRR of NJ (N.J. Department of Transp.)” *342 and were mailed to the Department of Transportation office in Trenton.
In 1990, in the course of settling certain other property tax matters with Somerville, the Somerville attorney informed the Attorney General’s Office of taxes outstanding on parcels listed on the borough’s tax rolls. Included was Block 123, Lot l.E (now Lot 1.05). In early 1991, NJ Transit received a delinquent payment notice for Block 123, Lot 1.05 .for tax year 1990. The bill was mailed to NJ Transit, but was in the name of CRR of NJ, c/o New Jersey Department of Transportation.
For years prior to 1992, the deadline for contesting real property tax assessments to county boards of taxation was August 15 of the tax year. Beginning with the year 1992, the deadline for filing petitions of appeal to county boards of taxation is April 1 of the tax year. N.J.S.A 54:3-21. Failure of a taxpayer to timely contest an assessment to the county board of taxation deprives the taxpayer of the right to contest the assessment before the Tax Court. Mayfair Holding Corp. v. North Bergen Tp., 4 N.J. Tax 38, 40 (Tax 1982). It would thus appear that the Tax Court is without jurisdiction to hear and determine the correctness of the assessments for the years 1981 through 1990 because of plaintiffs failure to timely contest those assessments before the Somerset County Board of Taxation, the petition of appeal to the Somerset County Board of Taxation having been filed on or about August 15, 1991. NJ Transit argues that N.J.S.A 2A:14-1.2, enacted on January 16,1992 as Chapter 387 of the Laws of 1991, extends the limitations period within which NJ Transit may contest local property tax assessments to ten years after January 1, 1992.
N.J.S.A 2A: 14-1.2 provides:
a. Except where a limitations provision expressly and specifically applies to actions commenced by the State or where a longer limitations period would otherwise apply, and subject to any statutory provisions or common law rules extending limitations periods, any civil action commenced by the State shall be commenced within ten years next after the cause of action shall have accrued.
b. For purposes of determining whether an action subject to the limitations period specified in subsection a. of this section has been commenced within time, no such action shall be deemed to have accrued prior to January 1, 1992.
*343 e. As used in this act, the term “State” means the State, its political subdivisions, any office, department, division, bureau, board, commission or agency of the State or one of its political subdivisions, and any public authority or public agency, including, but not limited to, the New Jersey Transit Corporation and the University of Medicine and Dentistry of New Jersey.
NJ Transit argues that the foregoing statute extends the Statute of Limitations for contesting local property tax assessments, notwithstanding the statutory time limits set forth in Title 54.
N.J.S.A 2A:14-1.2 was enacted in response to three decisions of the New Jersey Supreme Court which abolished the long-standing common law rule of nullum tempus occurrit regi (no time runs against the king). Holloway v. State, 125 N.J. 386, 593 A.2d 716 (1991); New Jersey Educ. Facilities Auth. v. The Gruzen Partnership, 125 N.J. 66, 592 A.2d 559 (1991); Devins v. Borough of Bogota, 124 N.J. 570, 592 A.2d 199 (1991). The effect of these decisions is to subject governmental entities to the same limitation periods as are applied to private litigants. The statement accompanying the legislation states that the Legislature intended to adopt a uniform ten-year Statute of Limitations for actions commenced by the State and other governmental entities unless a limitations provision expressly and specifically applies to actions commenced by the State or another statute provides a longer period for such actions.
Statutes of Limitations in tax cases always have been strictly construed due to the necessity of predictability and certainty of governmental budgets and revenues. E.g., F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424, 495 A.2d 1313 (1985) (“Strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government.”); McCullough Transp. Co. v. Division of Motor Vehicles, 113 N.J.Super. 353, 360, 273 A.2d 786 (App.Div. 1971) (“Limitation periods for claims for refund are common administrative provisions found in tax legislation and justified by the need for predictability of revenues by public agencies.”).
Filing deadlines in actions contesting local property tax assessments have in the past been applied to taxpayer governmental entities as well as private litigants. F.M.C. Stores Co., supra, 100 N.J. at 424, 495 A.2d 1313 (“taxing districts are required to *344 comply with the time prescriptions for the filing of tax appeals, as with all other statutory requirements”); Rabstein v. Princeton Tp., 187 N.J.Super. 18, 24, 453 A.2d 553 (App.Div.1982) (counterclaim by township was dismissed for failure to pursue timely claims).
N.J.S.A 54:3-21 provides an annual filing deadline for both taxpayers and taxing districts. The entire property tax structure is fashioned so that contests of property tax assessments must be promptly filed and concluded, so as not to prejudice the budgetary and fiscal stability of the municipalities that so heavily rely on the property tax. If all governmental agencies had ten years from January 1, 1992 to contest assessments, the resulting uncertainty would be chaotic.[1] Municipalities would be subject to appeals by governmental entities covering as many as ten years of assessments, which would be devastating if the assessments were reduced or set aside.
The statute relied upon by NJ Transit extending the filing deadline for ten years from January 1,1992 does not apply “where a limitations provision expressly and specifically applies to actions commenced by the State.” The term “State” is defined as “the State, its political subdivisions ... and any public authority or public agency, including but not limited to, the New Jersey Transit Corporation____” The act takes effect immediately on enactment on January 16,1992, and retroactively starts all limitations periods on January 1, 1992 making it possible for a governmental entity to contest all past assessments at any time prior to December 31, 2001. This will cause uncertainty for long periods of time where municipal revenues are derived in part from assessments on property of government entities.
N.J.S.A 54:3-21 expressly and specifically requires a taxpayer and taxing district to contest a property tax assessment on or before April 1 of the tax year (August 15 of the tax year for years prior to 1992). The word “taxpayer” has been broadly interpreted to include all entities having an interest in the real *345 property which is the subject of a property tax assessment. Village Supermarkets, Inc. v. West Orange Tp., 106 N.J. 628, 525 A.2d 323 (1987). “Taxpayer” is a generic term which includes the State of New Jersey and its instrumentalities to the extent that they have interests in real property which are assessed and subject to tax under the property tax statutes.
The State of New Jersey and its instrumentalities have routinely contested local property tax assessments with apparent compliance with statutory filing deadlines, and there is no indication in case law that a state agency has challenged a property tax filing deadline on nullum tempus occurrit regi grounds. See N.J. Turnpike Auth. v. Township of Washington, 16 N.J. 38, 41, 106 A.2d 4 (1954) (“The New Jersey Turnpike Authority petitioned the Mercer County Tax Board for the cancellation of the assessments on all its property”); Franklin Tp. v. Dept. of Envtl. Protection, 7 N.J.Tax 224, 227 (Tax 1984), aff'd, 7 N.J.Tax 657 (App.Div.1985) (DEP appealed farmland rollback taxes); New Jersey Turnpike Auth. v. Township of Monroe, 2 N.J.Tax 371, 372 (Tax 1981) (N.J. Turnpike Authority appealed judgments of the Middlesex County Board of Taxation denying its claim of tax exemption); Rutgers v. Piscataway Tp., 1 N.J.Tax 164, 166 (Tax 1980) (“Rutgers each year filed a timely application with [township’s] tax assessor for tax exemption”); see also Essex County v. East Orange City, 7 N.J.Tax 346, 347 (Tax 1985) (contending that the property is exempt from local property tax, the county appealed the assessment to the Tax Court).
Since political subdivisions are expressly subject to the April 1 filing deadline, and since governmental entities have routinely complied with filing deadline requirements,[2] and since fiscal certainty and predictability are essential to the proper functioning of the property tax as the principal local, school and *346 county revenue source, I conclude that all of the governmental entities included in the term “State” as defined in the statute are subject to the April 1 (and prior August 15) filing deadline and that the statute relied on by NJ Transit is not applicable to this filing time limit. It does not appear that the Legislature intended to extend the time period within which governmental entities can contest local property taxes assessed against their property when, at almost the same time,[3] the Legislature reduced the time period within which a taxpayer may contest local property tax assessments.
Judgment will be entered granting exemption for 1991 and 1992 for Block 123, Lot 1.05 and Block 61, Lot 41.02, but dismissing complaints contesting 1981-1990 assessments filed with the Tax Court on January 28,1992 for lack of jurisdiction of the Tax Court due to the untimely filing of petitions of appeal with the Somerset County Board of Taxation in August 1991.

The Director argues that fiscal stability concerns also apply to the State. However, the heavy reliance of municipalities on the property tax justifies strictly construing property tax deadlines in favor of municipalities.

 See Franklin Tp. v. Dept. of Envtl. Protection, 7 N.J.Tax 224 (Tax 1984), aff'd, 7 N.J.Tax 657 (App.Div.1985) (Legislature intended tax statutes to apply to all actions of any state agency in any tax matter); New Jersey Turnpike Auth. v. Monroe, 2 N.J.Tax 371, 375 (Tax 1981) (state agency held subject to timely filing requirement of N.J.S.A. 54:3-21).

 The Legislature changed the filing date from August 15 to April 1 of the tax year on March 28, 1991 (L. 1991, c. 75) effective for the tax year 1992. NJ.S.A. 2A:14-1.2 was enacted on January 16, 1992 (L.1991, c. 387).