641 A.2d 557

NEW JERSEY TRANSIT CORPORATION, PLAINTIFF–
APPELLANT, v. BOROUGH OF SOMERVILLE,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 11, 1994—Decided May 11, 1994.

Before Judges MUIR, Jr. and THOMAS.

*Deborah T. Poritz,* Attorney General, attorney for appellant (*Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Gail L. Menyuk,* Deputy Attorney General, on the brief).

Respondent did not file a brief.

The opinion of the court was delivered by

THOMAS, J.A.D.

Appellant New Jersey Transit Corporation (Transit), appeals from a Tax Court judge's *sua sponte* order which dismissed Transit's property tax appeal brought against the Borough of Somerville (the Borough) 13 *N.J.Tax.* 339. The Tax Court judge held that *N.J.S.A.* 2A:14–1.2, which establishes a ten year limitation period for actions commenced by the State and its agencies, does not apply to property tax appeals. As a result, the court concluded that *N.J.S.A.* 54:3–21, the statute which establishes the deadline for filing petitions of appeal to county boards of taxation applied and thus the appeals for tax years 1981 through 1990 were time-barred. It is Transit's position that the ten year statute does not contain language which exempts its application to property tax appeals and that its appeals of tax assessments dating back to 1981 are not time-barred.

Transit also contends the Tax Court judge failed to consider a federal statute, 45 *U.S.C.A.* § 581(c)(5), which serves to exempt Transit's property from State and local taxation. Transit therefore contends, in the alternative, that even if *N.J.S.A.* 2A:14–1.2, the ten year statute of limitations, does not apply to property tax appeals, the federal statute preempts any state statute that would otherwise serve as a bar to Transit's appeals.

The subject property consists of an embankment that supports the elevated Raritan Valley rail line which is owned and operated by Transit as a commuter rail line. This rail line was formerly owned by the bankrupt Central Railroad of New Jersey, and was transferred to Conrail in 1976 pursuant to federal rail reorganization legislation. In 1978, the property was acquired, together with

the remaining Raritan Valley line, by the State of New Jersey from Conrail. Upon the establishment of New Jersey Transit in 1979, the ownership of the property was vested in Transit. *N.J.S.A.* 27:25–21.

On July 16, 1990, the Borough sent Transit a letter indicating that outstanding taxes were due for the years 1981 to 1990. This was followed by a bill for 1990 and a partial bill for 1991.

Transit filed an appeal with the Somerset County Tax Board for tax years 1981 to 1991 urging it was tax exempt. The county tax board, however, sustained the assessments.

Transit appealed the county tax board's decisions to the Tax Court. There, Transit argued that *N.J.S.A.* 2A:14–1.2 gave it a ten-year period within which to appeal the local tax assessments and that 45 *U.S.C.A.* § 581(c)(5) gave it a retroactive tax exemption to October 1, 1981.

Without reaching the merits of the case, the Tax Court held, in a written decision, that the ten year statute of limitation, *N.J.S.A.* 2A:14–1.2, is inapplicable to the filing of tax appeals and, therefore, the assessments for 1981 to 1990 would stand because they were not appealed within time. The Tax Court granted the exemptions for years 1991 to 1992 because appeals for those years were timely filed.

■ We conclude that the Tax Court judge was correct in finding that *N.J.S.A.* 2A:14–1.2, the ten year statute of limitation, does not apply to real property tax appeals for all of the reasons expressed by Judge Lasser in his written opinion of July 27, 1993.

■ Nevertheless, after carefully considering the principles pertaining to federal preemption by way of conflict, *see Feldman v. Lederle Laboratories*, 125 *N.J.* 117, 133–35, 592 *A.*2d 1176 (1991), *cert. denied,* —— *U.S.* ——, 112 *S.Ct.* 3027, 120 *L.Ed.*2d 898 (1992), we find that Transit is entitled to the retroactive tax exemption contained in 45 *U.S.C.A.* § 581(c)(5). While this issue was never fully presented for the Tax Court's consideration, we nevertheless decide it based upon our original jurisdiction. *R.* 2:10–5. Neither

party considered Transit to be the owner of the property until 1990, at which time the Borough supplied Transit with all of the outstanding tax assessments from 1981 to part of 1991. Transit then filed a timely appeal of the 1991 assessment, but the appeals of the earlier assessments were deemed out-of-time pursuant to *N.J.S.A.* 54:3–21. Because *N.J.S.A.* 54:3–21 prevents Transit from establishing its federal tax exemption, this state law must yield under the Supremacy Clause of our Federal Constitution to the extent it bars such a claim, *U.S. Const.*, Art. VI, cl. 2. *See U.S.A. Chamber of Commerce v. State*, 89 *N.J.* 131, 141, 445 *A.*2d 353 (1982) ("The Federal Constitution and federal laws are 'the supreme Law of the Land' and 'Judges in every State [are] bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding' ").

Affirmed in part; reversed in part.