CRABTREE, J.T.C.
Plaintiff moves to restore this case to the trial calendar after the matter was placed in suspense pending the decision of the Supreme Court in a similar case involving plaintiffs tax appeal against the Borough of Somerville. That case has been adjudicated, New Jersey Transit Corp. v. Borough of Somerville, 139 N.J. 582, 661 A.2d 778 (1995), affirming 273 N.J.Super. 171, 641 A.2d 557 (App.Div.1994), aff'g in part and rev’g in part 13 N.J.Tax 339 (Tax 1993), so plaintiffs motion is ripe for decision.
Plaintiffs motion, in addition to requesting that the ease be restored to the trial calendar, seeks leave to file an amended complaint, the gravamen of which is that the added omitted assessment under appeal includes the value of an additional condominium unit or units which are not leased to plaintiff and which should have been separately listed with a different lot and block designation. Plaintiff claims in its amended complaint that the erroneous inclusion of condominium units not leased to plaintiff is correctable under N.J.S.A. 54:4-54, without regard to any time limitation.
Although plaintiffs motion does not address the jurisdictional issue, i.e., whether plaintiffs petition to the Essex County Board of Taxation was timely filed, both parties address the issue in their briefs. Also, if the undisputed facts, as set forth in the pleadings and in the certifications accompanying the motion, indicate that the county board petition or the Tax Court complaint, as the case may be, was not filed within the time prescribed by law, *4 the court, sua sponte, may address the issue of subject matter jurisdiction. Prospect Hill Apts. v. Flemington, 1 N.J.Tax 224, 172 N.J.Super. 245, 411 A.2d 737 (Tax 1979).
The property in question is located at One Penn Plaza East in the taxing district. In October 1990, construction of the improvement, a 12-story office building, had not progressed beyond construction of the structural steel on the lower floors. Construction was not finished until about October 1, 1991, at which time plaintiff took possession.
In the interim, a condominium was established in the property by the filing of a master deed, with the Essex County Register, on September 12, 1991, in Deed Book 5182, at page 880. The property was owned by Hartz Raymond Boulevard Limited Partnership, which leased Condominium Units I and III to plaintiff, on or about September 23, 1991 to commence October 1, 1991. Condominium Unit I consists of office floors one through nine, while Condominium Unit III is a ground level parking area. Plaintiff uses Condominium Unit I as its general headquarters offices and Condominium Unit III for the parking of fleet and employee vehicles.
By letter of December 20,1991, sent by certified mail, plaintiffs counsel notified defendant’s assessor that plaintiff had leased Condominium Units I and III from Hartz Raymond Boulevard Limited Partnership (Hartz), that the lessor’s interest was assigned to Raymond Plaza East, and that plaintiff claimed exemption, pursuant to N.J.S.A. 27:25-16. Notwithstanding such notification and the filing of the master deed, defendant’s assessor, ignoring the condominium status of the property and the corresponding obligation, under N.J.S.A. 46:8B-19, to assess each condominium unit as a separate line item, made an omitted added assessment of the entire building and land as a single line item. The assessment, made on October 26, 1992, in the amount of $13,400,000, was prorated for the last three months of 1991 at $3,350,000. Plaintiff, claiming exemption under N.J.S.A 27:25-16, filed a petition with the Essex County Board of Taxation on March 29, 1993. On December 20, 1993, the county board entered *5 judgment affirming the omitted added assessment on the ground that the petition was untimely filed. Plaintiff filed its complaint with this court on January 28, 1994, seeking review of the county board judgment.
Defendant employed the so-called alternate method of assessing omitted property, as the assessor, not the county board, made the assessment. See N.J.S.A 54:4-63.31 to -63.40. The law also contemplates that the failure to make an added assessment in the year to which it pertains may be rectified in the following year by means of an omitted assessment. In re Appeal of New York State Realty & Terminal Co., 21 N.J. 90, 121 A.2d 21 (1956).
Under the alternate method, notice of the omitted assessment is given to the owner, by certified mail, stating that an omitted assessment has been made. N.J.S.A 54:4-63.35. This was done on October 26, 1992. Appeals from the assessor’s omitted assessments must be made to the county board on or before December 1 of the year of the levy. Plaintiff failed to file an appeal with the county board by that date. Normally the matter would end there, as the law is well settled that failure to file a timely appeal is a fatal jurisdictional defect. Clairol v. Kingsley, 109 N.J.Super. 22, 262 A.2d 213 (App.Div.), aff'd 57 N.J. 199, 270 A2d 702 (1970), appeal dismissed 402 U.S. 902, 91 S.Ct. 1377, 28 L.Ed.2d 643 (1971); Prospect Hill Apts. v. Flemington, supra. The statutory filing requirement is an “unqualified jurisdictional imperative, long sanctioned by our courts.” Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38, 41 (Tax 1982). It is also axiomatic that the Tax Court may review the timeliness of filing with the county board. Bllum Ltd. Partnership v. Bloomfield Tp., 15 N.J.Tax 409, 412 (Tax 1995); Mayfair Holding Corp. v. North Bergen Tp., supra.
Plaintiff argues, however, that N.J.SA 2A:14-1.2 applies. That statute allows the State, with certain exceptions, to commence any civil action within ten years after the cause of action accrues. Thus, plaintiff argues, it is not bound by the much shorter limitation period prescribed by N.J.SA 54:4-63.39. The New *6 Jersey Supreme Court held, in New Jersey Transit v. Borough of Somerville, 139 N.J. 582, 661 A.2d 778 (1995), aff'g 273 N.J.Super. 171, 641 A.2d 557 (App.Div.1994), aff'g in part and rev’g in part 13 N.J.Tax 339 (Tax 1993), that N.J.S.A 2A:14-1.2, being a statute of general application, must yield to the more specific mandate of N.J.S.A. 54:3-21, namely, that appeals to the county board from property tax assessments must be filed by April 1 (formerly August 15) of the tax year. That case was decided on April 19, 1995.
Plaintiff contends that the Somerville case does not apply, for three reasons. First, the ease dealt with appeals from regular assessments under N.J.SA 54:3-21, not appeals from omitted assessments under N.J.S.A 54-A-63.39. Second, Somerville was prospective only, and this court is not bound by the Supreme Court decision, as all the operative facts in the case under review occurred long prior to the date of that decision. Third, the omitted assessment was a mistake, as the property was properly assessable as a condominium under N.J.S.A 46:8B-19 (ie., each unit must be separately assessed), and relief can be granted pursuant to N.J.SA 54:4-54, which permits a governing body to correct either duplicative assessments erroneously made or assessments incorrectly made on the wrong parcel. The statute contains no time limitation.
The decision of the Supreme Court in the Somerville case was announced on April 19,1995, long after the operative events in the instant case had transpired. Plaintiff argues that the Somerville decision should not be retrospectively applied, and accordingly, that this court is not bound to follow it. While plaintiff acknowledges that decisions are presumed to be retrospective, it contends that rulings are to be accorded prospective effect in eases where the interests of justice mandate such an approach, citing New Jersey Law Enforcement Comm’n v. Citizens, 107 N.J. 380, 387, 526 A.2d 1069 (1987). On the basis of the Citizens case, as well as Coons v. American Honda Motor Co., 96 N.J. 419, 476 A.2d 763 (1984) , cert. denied 469 U.S. 1123, 105 S.Ct. 808, 83 L.Ed.2d 800 (1985) , plaintiff argues that retroactive application would produce *7 an inequity which this court must consider. Plaintiff insists that it was justified in relying upon the ten-year statute, N.J.S.A. 2A:14-1.2, allowing it ten years to file a tax appeal.
Plaintiffs argument that it was justified in relying upon the ten-year statute is unsound. As the Supreme Court pointed out in the Somerville case, time limitations for appealing tax assessments have always applied to governmental entities and taxpayers alike. The Court stressed this point in its opinion:
Our courts have never construed legislative intent to exempt state instrumentalities from the statutory limitations period provided for appealing tax assessments. Rather, they have held that both appealing taxpayers and taxing districts must adhere strictly to the deadlines prescribed by statute. Failure to file a timely appeal is a fatal jurisdictional defect____ (Citations omitted.)
Filing deadlines in actions contesting local property-tax assessments have long been applied to taxpayer governmental entities as well as to private litigants. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424 [495 A.2d 1313] (1985) (‘taxing districts are required to comply with the time prescriptions for filing of tax appeals, as with all other statutory requirements’); City of Newark v. Fischer, 3 N.J. 488 [70 A2d 733] (1950) (dismissing appeal filed by city from judgment of county board as filed out of time); Rabstein [v. Township of Princeton ], supra, 187 N.J.Super. [18] at 24 [453 A.2d 553] [ (1982) ] (dismissing town-Ship’s counterclaims as filed out of time); Curtiss-Wright Corp. v. Borough of WoodRidge, 2 N.J.Tax 143 (Tax 1981) (finding that absent timely appeal, taxing district was not entitled to increase of its assessment); New Jersey Turnpike Auth. v. Township of Monroe, 2 N. J.Tax 371, 375 (Tax 1981) (Monroe) (holding that court was barred from hearing claim of exemption in years in which Authority failed to file appeals pursuant to N.J.S.A 54:3-21).
[139 N.J. at 589-590, 661 A.2d 778].
Plaintiffs claim of reliance is further weakened by the language of N.J.S.A. 2A:14-1.2, as construed by the Supreme Court. The statute reads, in pertinent part:
a. Except where a limitations provision expressly and specifically applies to actions commenced by the State or where a longer limitations period would otherwise apply, and subject to any statutory provisions or common law rules extending limitations periods, any civil action commenced by the State shall be commenced within ten years next after the cause of action shall have accrued. (Emphasis supplied.)
The Supreme Court has construed the underlined portion of the statute to mean that the State falls within the specific and express limitations period provided in N.J.S.A. 54:3-21. 139 N.J. at 592, 661 A.2d 778.
*8 I conclude that the Supreme Court’s holding in Somerville was clearly foreshadowed by the line of cases holding government entities to the same filing limitations in tax matters as apply to taxpayers. The inequity of which plaintiff complains could have been avoided by a timely appeal from the omitted added assessment.
Thus, the presumption of retroactive application of the Supreme Court decision in Somerville has not been overcome, and the Court’s ruling in that case is dispositive in the case under review, unless it can be distinguished on the grounds (1) that N.J.S.A. 54:3-21 applies to appeals of regular assessments, while the instant case involves an appeal from an omitted added assessment, or (2) that the instant case involves a duplicative, erroneous assessment, cognizable under N.J.S.A. 54:4-54, as to which no time limitation applies.
The distinction between appeals of regular assessments and appeals from omitted assessments is meaningless. What the Tax Court said in its opinion in the Somerville case (quoted approvingly in the Supreme Court’s opinion) about N.J.S.A 54:3-21 applies, pari passu to omitted/added assessments:
[T]he entire property tax structure is fashioned so that contests of properly tax assessments must be promptly filed and concluded, so as not to prejudice the budgetary and fiscal stability of the municipalities that so heavily rely on the property tax. If all governmental agencies had ten years from January 1, 1992 to contest assessments, the resulting uncertainty would be chaotic. Municipalities would be subject to appeals by governmental entities covering as many as ten years of assessments, which would be devastating if the assessments were reduced or set aside.
[13 N.J.Tax at 344].
Plaintiff claims entitlement to relief under N.J.S.A 54:4-54, which grants relief to taxpayers in three situations: (1) when property has been twice assessed, (2) when an assessment intended for one parcel has been erroneously placed on another parcel, and (3) when one taxpayer has mistakenly paid the tax on property of another supposing it to be its own. The statute imposes no time limitations. Plaintiff points to the failure of defendant’s assessor to assess the building as a condominium, notwithstanding the filing of a master deed, and plaintiff’s notification to defendant *9 on December 20, 1991, not only of plaintiffs acquisition of two units in the building, but of plaintiffs entitlement to exemption. Not only did defendant continue to assess the multi-story building as a single line item, in clear violation of N.J.S.A. 46:8B-19, but defendant ignored plaintiffs exempt status under N.J.S.A. 27:25-16.
The errors of defendant’s assessor in continuing to assess the building as a single line item, rather than as condominium units, and his failure to acknowledge plaintiffs exempt status do not fall within any of the three categories described in N.J.S.A. 54:4-54. This being so, plaintiffs remedy was in the timely filing of a petition to the county board.
This court has held that correction of errors statutes, such as N.J.S.A. 54:4-54, may not be used as a substitute for other statutory appeal mechanisms, unless the actions complained of clearly fall within the ambit of the correction of errors statutes. Cf. Springfield Tp. v. Garner, 3 N.J.Tax 92 (Tax 1981) (Taxing district unsuccessfully sought application of N.J.S.A. 54:51A-7, a correction of errors statute, to rectify its failure to make a timely omitted/added assessment; actions or omissions involved did not fall within the scope of N.J.S.A. 54:51A-7).
Plaintiffs motion to restore this matter to the trial calendar and to file an amended complaint is denied. Judgment will be entered dismissing plaintiffs complaint for untimely filing at the county board.